## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) Case No. 3:19-cv-0096 |
| ANTHONY G. INGRAO & DENIS BAY PROPERTIES, LLC, | ) ) ) ) ) |
| Defendants. | ) ) |

### ORDER

**BEFORE THE COURT** is the motion of Anthony G. Ingrao ("Ingrao") and Denis Bay Properties, LLC ("Denis Bay") (collectively, "Defendants") to dismiss the complaint for failure to join a necessary party pursuant to Federal Rules of Civil Procedure 12(b)(7) and 19, filed on January 24, 2020. (ECF No. 5). For the reasons stated below, the Court will deny the motion.

### I. FACTUAL AND PROCEDURAL BACKGROUND

The civil action in the complaint is brought under the System Unit Resource Protection Act ("SURPA" or "the Act"), 54 U.S.C. §§ 100721, *et seq.* The issue in controversy in the civil complaint is whether Defendants are liable for the damage to property in the National Park Service ("the Park") on the island of St. John in the U.S. Virgin Islands. The United States of America (the "Government") alleges the Defendants damaged thirteen acres of land in the Park through the construction they undertook on and around Susannaberg Road ("the Road") between 2006 and 2013.

In the complaint, the Government alleges that Ingrao acquired title to a plot of land, Parcel 2A, adjacent to the Road in St. John in 2003, pursuant to a warranty deed. The Government alleges that Ingrao "engaged in construction activities on or around [ ] Parcel 2A" from approximately 2006 to August 2013. Compl. at 2, 6, ECF No. 1. (Parcel 2A is also designated as Park Parcel 01-148 by the Park.) Denis Bay later acquired title to Parcel 2B, in 2011, which adjoins 2A and is also adjacent to the Road. (Parcel 2B is also designated as Park Parcel 01-149 by the Park.) The Government further alleges that Denis Bay engaged in

construction on or around Parcel 2B from approximately September 1, 2011, through June 4, 2012.

The Government asserts that "[o]n or around June 4, 2012, the Park received a complaint that construction activities on or around [ ] Parcels 2A and 2B were resulting in injuries to Park resources." *Id.* at 6. That same week, an employee of the Park observed signs of soil removal and deposit and disruption of vegetation on Park lands near Parcels 2A and 2B, prior to Ingrao's registration for construction permits. The Government complains that Defendants "conducted unauthorized construction activities which injured, damaged and destroyed over thirteen acres of Park resources" between "approximately January 2013 and August 2013." *Id.* at 7.

Among the allegations are that the "[r]emoval of trees, vegetation, and tons of soil from Park Parcel No. 01-133" have created a "30-40-foot exposed slope along Susannaberg Road." *Id*. In addition, Defendants "[r]emoved trees, cleared vegetation, removed soil, planted exotic vegetation, and placed fill over native vegetation on Park Parcel 01-151 to widen Susannaberg Road. [This d]isturbance caused rock slide, resulting in further destabilization and injury of Park Parcel 01-151[.]" *Id*. Further, concrete structures such as an entry gate, cistern foundation, parking area, power vault, planter, and retaining wall were constructed on the Road and Park Parcel 01-133. The structures have disturbed the soil and vegetation on the Road and Park Parcel 10-151, with some engineered structures collapsing during a rain event in 2013, which caused a substantial landslide onto Park Parcel 01-116.

The Government claims that the Road and Park parcels 01-116, 01-133, and 01-151 are federal property and that "[t]he soils, plants, and other natural resources injured are 'System unit resources,' as that term is defined within SURPA, 54 U.S.C. § 100721(3)". *Id*. at 5, 8. The Government argues that, pursuant to SURPA, Defendants are liable for "all past and future response costs and damages resulting from the destruction of, loss of, and injury to park system resources within the Park cause[d] by the Defendants' construction activities" on federal land. *Id*. at 8.

In their motion to dismiss, Defendants contend that the Road, where the construction was located, is not federal land and is instead titled to the Government of the U.S. Virgin Islands ("GVI"). As such, Defendants argue that the GVI must be joined as a necessary and

indispensable party in the case. The Government argues that the Road belongs to the federal government but that, even if it belongs to the GVI, the GVI is not a necessary and indispensable party for this action under SURPA.

## II. LEGAL STANDARD

Defendants move to dismiss this case pursuant to Rule 12(b)(7) of the Federal Rules of Civil Procedure. Under Rule 12(b)(7), a party may move to dismiss an action if an absent party is both necessary and indispensable to the action under Rule 19.

Pursuant to Rule 19(a)(1), a party is necessary and therefore must be joined if the Court cannot grant complete relief in the action without the absent party; if the absent party's interest would be impaired by the party's absence from the action; or if an existing party would be subject to inconsistent or multiple obligations because of the absent party's interest. Fed. R. Civ. P. 19(a); *General Refractories Co. v. First State Ins. Co.* 500 F.3d 306, 312 (3d Cir. 2007). If a party is deemed necessary but cannot be joined, the court must then determine whether "the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19(b).

The moving party has the burden of showing that the absent party is necessary and indispensable for a fair adjudication, and that the suit must therefore be dismissed under Rule 12(b)(7) due to the absence of the party. *American General Life and Accident Insurance Company v. Wood*, 429 F.3d 83, 92 (4th Cir. 2005) ("The burden of proof rests on the party raising the defense . . . to show that the person who was not joined is needed for a just adjudication.") (internal quotations removed); *Federal Home Loan Mortgagelinq Corporation v. Commonwealth Land Title Insurance Co.*, No. 92-CV-5255, 1993 U.S. Dist. LEXIS 4051, at *18 (E.D. Pa. March 31, 1993) ("The burden is on the movant to show that a person not joined in an action is needed for just adjudication.")

## III. DISCUSSION

Statutes governing the National Park Service are located under Title 54 of the United States Code ("U.S. Code"). Therein, the U.S. Code defines a Park "system" as "any area of land and water administered by the Secretary [of the National Park Service], acting through the director, for park, monument, historic, parkway, recreational, or other purposes." 54 U.S.C. § 100501. The National Parks comprise, and administer, both federally owned properties

*United States v. Ingrao et al.*
Case No. 3:19-cv-0096
Order
Page 4 of 5

and privately owned properties. SURPA is a federal act under which the Attorney General of the United States, after a finding of "destruction, loss, or injury to a System unit resource . . . may bring a civil action in the US district court against any person or instrumentality that may be liable . . . for response costs and damages." 54 U.S.C. § 100723(a). System unit resources are defined in the Act as "any living or non-living resource that is located within the boundaries of a System unit." *Id.* § 100721(3)(A). Significantly, the term "System unit resource" excludes resources owned by non-federal entities. *Id.* § 100721(3)(B). Indeed, Congress expressly established that liability under the Act "is in addition to any other liability that may arise under Federal or State law." *Id.* § 100722(d).

Here, the Government alleges destruction, loss, and injury to Park resources on several plots of land the Government asserts to be federally owned. As such, the Government may bring a civil action in district court against the party it alleges is responsible for the injury. To succeed in the action under SURPA, the Government will have to prove: 1) the System unit resource is administered by the Park;[1] 2) the resource has been damaged or injured;[2] and 3) the resource is federally owned.[3] If the Government is unable to prove each of these elements for any plot of land (resource) claimed in the action, the claim under SURPA will not succeed for that resource. Thus, where the Government does not hold title to the parcel or other resource, the Government will not prevail.

In their motion to dismiss, Defendants argue that "the ownership of the Road is pivotal in this dispute" and that the GVI must be joined as a necessary party to protect its interest in the ownership of the Road, as the "subject matter of the litigation." (ECF No. 5.) However, it is not for the Court to decide the merits of the action when determining a 12(b)(7) motion to dismiss, but rather to analyze the facts as presented in the complaint for sufficiency under the cause of action. Accepting as true all facts as they are presented in the complaint, the Court finds that the Government has alleged facts to support a claim under SURPA. *See Union Carbide Corp. v. Siemens Westinghouse Power Corp.*, No. 99 Civ. 12003 (LMM), 2001 U.S. Dist. LEXIS 874, at *24 (S.D.N.Y. Jan. 30, 2001) ("I find that resolution of this action is possible without [the absent party's] presence. Moreover, I do not find that

---

[1] 54 U.S.C. § 100501.
[2] 54 U.S.C. § 100723(a).
[3] 54 U.S.C. § 100721(3)(B).

"equity and good conscience" preclude this action from proceeding without [the absent party].").

Defendants also contend that "the absence of the [GVI] from this action exposes Ingrao to the substantial risk of incurring liability to both the [Government] and, at a later date, to the [GVI] for claimed harm to the Road." (ECF No. 5 at 12.) Importantly, only the Attorney General of the United States, on behalf of the federal government, may file actions under SURPA. As such, the GVI cannot be a plaintiff in an action under SURPA because it is not the federal government. Further, the Government has not alleged that the GVI has injured system resources in the Park, making it ineligible as a defendant. Therefore, the GVI has no role in granting relief in the action under SURPA, and the GVI is not a necessary party for an action under the Act. By extension, the GVI is also not an indispensable party. Further, Congress has specifically declared that defendants may be liable for damages through state or federal laws in addition to any liability they may have under SURPA,[4] thus negating the risk of multiple liability as an argument for joining another party or dismissing the complaint.

## IV. CONCLUSION

Because the Court finds that the GVI is not a necessary party for this action, and by extension, also not an indispensable party, the Court will deny Defendants' motion to dismiss.

Accordingly, it is hereby

**ORDERED** that the Motion to Dismiss by Defendants Anthony Ingrao and Denis Bay Properties, LLC (ECF No. 5), is **DENIED.**

**Dated:** August 6, 2021  /s/ *Robert A. Molloy*
  **ROBERT A. MOLLOY**
  **Chief Judge**

---

[4] 54 U.S.C. § 100722(d).